# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                                    Fax: (718) 855-4696

September 23, 2019

Hon. Raymond J. Dearie
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Lelchook, et al. v. Société Générale de Banque au Liban S.A.L., et al.*,
              Case no. 19-cv-00033 (E.D.N.Y.)

Dear Judge Dearie:

    We represent the plaintiffs in the above referenced action, and we write pursuant to Section III(A) of Your Honor's Individual Motion Practices and Rules and August 23, 2019 Order to respond to the letter motions for a pre-motion conference filed by the defendants (DE 63-66).

    Plaintiffs strongly disagree with the various legal and factual arguments, characterizations and representations set forth by defendants in their letters. However, because plaintiffs do not oppose the holding of the pre-motion conference, we will limit our response to two points:

    *First*, the briefing schedule proposed by the defendants is impracticable and blatantly unfair to the plaintiffs.[1] By the time of the proposed date for the filing of their motions to dismiss, defendants will have had well over 10 months to prepare their motions. The 45-day period proposed by defendants for plaintiffs' opposition papers (which also straddles Thanksgiving) is plainly insufficient. That is especially so considering that a number of the defendants indicate in their letters that they intend to file separate motions to dismiss, each

---

[1] Some of the defendants appear to state that plaintiffs agreed to defendants' proposed schedule. That is flatly incorrect. To the contrary, during the meet and confer (in which only one of defense counsel participated) plaintiffs' counsel expressly stated that they disagreed with the proffered opposition period. Plaintiffs' disagreement with the schedule is also memorialized in email correspondence with defense counsel, which plaintiffs will share with the Court at the October 17, 2019, conference, if defense counsel press the disingenuous assertion that plaintiffs agreed to the proposed schedule.

THE BERKMAN LAW OFFICE, LLC	September 23, 2019
	Page 2 of 2

supported by a 25-page memorandum. Given the more than 300 days the defendants will have had to prepare their motions to dismiss, and the fact that some of the defendants intend to file separate full-length memoranda, plaintiffs request a period of at least 120 days to file their opposition papers. Plaintiffs also request that at the conference, defense counsel be directed to avoid duplicative briefing and to consolidate their supporting memoranda to the extent possible.

*Second*, as the defendants themselves point out in their letters, the issues in this case overlap significantly with those presented in *Bartlett v. Societe Generate de Banque au Liban*, 19-cv-7 (E.D.N.Y.) (CBA) (vms) and in *Kaplan v. Lebanese Canadian Bank*, 08-cv-7253 (S.D.N.Y). (*See* DE 65 at 2; DE 64 at 2-3).[2] In *Bartlett*, which was brought against the defendants in the instant action for substantially the same conduct at issue in this case, the defendants filed pre-motion letters asserting arguments substantively indistinguishable from those here. (*See Bartlett*, 19-cv-7 (E.D.N.Y.) at DE 91-93; 110-11). An amended complaint has already been filed and a briefing schedule has already been set in *Bartlett*. (*Id*. at DE 105; Order, 9/9/19).

In light of the more advanced state of the proceedings in *Bartlett*, and the fact that a decision adverse to the defendants in *Bartlett* would dispose of some or all of their arguments in this case, plaintiffs respectfully submit that judicial and party resources would be preserved and best utilized if this case were stayed pending a decision on defendants' motion to dismiss in *Bartlett*. While defendants have stated that they oppose any stay, they have neither explained the basis for that opposition nor attempted to square it with their self-engineered 10-month delay in filing their motion to dismiss. In any event, this Court has discretion to manage its docket in the manner it finds proper and most resource-efficient, notwithstanding defendants' (evolving) preferences regarding speed.

We thank the Court for its consideration.

	Respectfully,

	Robert J. Tolchin

---

[2] On September 20, 2019, the *Kaplan* action was dismissed for failure to state a claim. (*See Kaplan*, 08-cv-7253 (S.D.N.Y). at DE 113). Some of the plaintiffs in the instant action were not plaintiffs in *Kaplan*, but are plaintiffs in a separate action against the Lebanese Canadian Bank, *Lelchook et al v. Lebanese Canadian Bank, SAL et al*, 18-cv-12401 (S.D.N.Y.), which remains pending. Thus, the decision in *Kaplan* (which in any event will be appealed) by no means moots the claims against defendant Societe Generale de Banque au Liban in the instant action.