

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

───────────────────────────────────────

BRG CORPORATION, and
DEMETRIOS TAMOUTSELIS,

                    Plaintiffs,

vs.
                                       **DECISION & ORDER**
                                       Index #2014-8458

CHEVRON U.S.A., INC., TECACO INC.,
VALERO ENERGY CORPORATION,
ANTHONY J. FLORIO, Individually and as
Administrator c.t.a. of the Estate of
Alphonse Florio and the Estate of
Josephine Florio, SANDRA A. SCOFERO,
LEONARD J. SCOFERO, JOHN DOES, and
JOHN DOE INSURANCE COMPANIES,

                    Defendants.

───────────────────────────────────────

Special Term September 21, 2017

**Appearances:**
Amy K. Kendall, Esq. for Plaintiffs
Greta K. Kolcon and Stephen P. Burke, Esqs. for Defendants
Chevron U.S.A. Inc. and Texaco Inc.
Jeffrey C. Stravino, Esq. for Defendant Valero Energy Corporation

───────────────────────────────────────

Taylor, J.,

    Before the Court is Defendant Valero Energy Corporation's ("VEC") motion for an order pursuant to CPLR 3211(a)(8) dismissing with prejudice the claims asserted against it in Plaintiffs' second amended complaint because the Court allegedly lacks personal and general jurisdiction over VEC. VEC claims that it is not registered to do business in New York State and

1

has no business connections here whatsoever. Plaintiffs and Defendants Chevron U.S.A. and Texaco Inc. oppose the motion. For the reasons that follow, VEC's motion is hereby denied.

All parties agree that under CPLR 302(a)(1)-(4) personal jurisdiction over a non-domiciliary is obtained if that party (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state causing injury to person or property within the state; or (4) owns, uses or possesses any real property within the state. VEC claims that none of these criteria exist here. For instance, VEC argues that it has no employees in New York, makes no sales in the state, does not solicit customers here, has not entered into any contracts here, and is not even registered to do business in the state. Thus, according to VEC, it cannot be said it transacts any business here. Further, VEC argues the complaint fails to allege factual allegations that VEC committed a tortious act in the state or that it committed a tortious act outside the state causing injury within the state. Additionally, VEC claims to neither own, use or possess real property here. Finally, VEC claims even if there were some basis for extending long-arm jurisdiction over it, to do so would violate due process.

Again, Plaintiffs and Defendants Chevron U.S.A. Inc. and Texaco Inc. oppose the motion. To defeat such a motion, the

2

opposition need only "demonstrate that facts may exist to exercise personal jurisdiction over the defendant." Ying Jun Chen v Leishi, 19 AD3d 407 (2d Dept 2005). This Court must assess whether the opposing party has met its burden by "constru[ing] the pleadings and affidavits in a light most favorable to them and resolve all doubts in their favor." Brandt v Toraby, 273 AD2d 429 (2d Dept 2000). The non-movants argue that VEC is the corporate successor to Shamrock. As such, VEC "may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." See Schumacher v Richards Shear Co., 59 NY2d 239, 244-45 (1983).

Based on the papers submitted by Plaintiffs and Defendants Chevron U.S.A. and Texaco Inc., VEC's motion must be denied. Plaintiffs have provided ample evidence demonstrating the existence of facts sufficient to justify the exercise of personal jurisdiction over VEC. For instance, discovery thus far has produced information showing that a Shamrock gasoline station was operated on the subject property as evinced by a receipt bearing the Shamrock logo. See Affirmation of Amy K. Kendall, Esq., Exhibit A. This logo is linked to Shamrock corporate literature.

3

See Affirmation of Amy K. Kendall, Esq., Exhibit B. Further information shows that in 1967 Shamrock merged with Diamond Alkali to form Diamond Shamrock Corporation, which was registered to do business in New York. See Affirmation of Amy K. Kendall, Esq., Exhibit C. In 1996, Diamond Shamrock Corporation merged with Ultramar Corporation to form Ultramar Diamond Shamrock Corporation, which also was authorized to do business in New York. See Affirmation of Amy K. Kendall, Esq., Exhibit D. Finally, VEC merged with Ultramar Diamond Shamrock Corporation in 2001. See Affirmation of Amy K. Kendall, Esq., Exhibit E. Indeed, as Plaintiffs observe, VEC has previously initiated litigation both in its own right and as successor to Ultramar Diamond Shamrock Corporation. See e.g. Valero Energy Corp. v U.S., 569 F3d 626 (7th Cir 2009).

Co-defendants Chevron U.S.A. Inc. and Texaco Inc. amplify these same facts. For instance, in merger documents between VEC and Ultramar Diamond Shamrock Corporation, the "effects of the merger" were described as VEC assuming "all debts, liabilities and duties of [Ultramar Diamond Shamrock Corporation.]" See Affirmation of Greta K. Kolcon, Esq., Exhibit D. Thus, the opposition has demonstrated the existence of facts to suggest that VEC is a successor-interest and as such this Court has personal jurisdiction over it.

4

Accordingly, VEC's motion to dismiss under CPLR 3211(a)(8) is hereby DENIED in its entirety. Any further arguments raised by the parties but not specifically addressed herein are DENIED. This constitutes the Decision and Order of the Court.

                                                                   _/s/ William K. Taylor_
                                                            Honorable William K. Taylor
                                                           Supreme Court Justice
                                                           Dated: September 21, 2017

2017 SEP 22 PM 1:29