UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
ESTER LELCHOOK, individually and as personal
representative of the Estate of David Martin Lelchook;
MICHAL LELCHOOK; YAEL LELCHOOK;
ALEXANDER LELCHOOK, individually and as personal
representative of the Estate of Doris Lelchook; MALKA
KUMER; CHANA LIBA KUMER; MIRIAM
ALMACKIES; CHAIM KAPLAN; RIVKA KAPLAN;
BRIAN ERDSTEIN; KARENE ERDSTEIN; MA'AYAN
ERDSTEIN; CHAYIM KUMER; NECHAMA KUMER;
LAURIE RAPPEPPORT; MARGALIT RAPPEPORT;
THEODORE (TED) GREENBERG; MOREEN
GREENBERG; JARED SAUTER; DVORA CHANA
KASZEMACHER; CHAYA KASZEMACHER
ALKAREIF; AVISHAI REUVANE; ELISHEVA ARON,
YAIR MOR; and MIKIMI STEINBERG,

**MEMORANDUM & ORDER**

19-cv-00033 (RJD) (SJB)

     Plaintiffs,

  - against -

SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN SAL,

     Defendant.
------------------------------------------------------------ x

DEARIE, District Judge.

  Plaintiffs, the estate and family members of United States citizens killed or injured as a result of a series of terrorist attacks carried out by Hizbollah in Israel in 2006, bring this action against Société Générale De Banque Au Liban SAL ("SGBL") seeking damages pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333. Plaintiffs' claims against SGBL are predicated on the alleged conduct of another bank, Lebanese Canadian Bank SAL ("LCB"). According to plaintiffs, SGBL is subject to jurisdiction in New York and liable for LCB's actions because SGBL purchased LCB assets and liabilities in 2011 and thus inherited LCB's jurisdictional status in the forum and assumed successor liability. Defendant moves to dismiss the amended complaint (ECF No. 73), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and for failure to state a claim. The Court lacks jurisdiction over defendant. The complaint is dismissed.

BACKGROUND

For the purposes of defendant's motion to dismiss, the allegations in the complaint are assumed to be true.

SGBL is a private joint stock company with limited liability incorporated in Lebanon in 1953 with its headquarters in Beirut. (Am. Compl. ¶¶ 10-11.) On June 22, 2011, SGBL entered into a Sale and Purchase Agreement ("SPA") with LCB and pursuant to that agreement "SGBL purchased all of LCB's assets, and assumed all of LCB's liabilities." (Id. at ¶ 12.)

Plaintiffs claim SGBL's assumption of LCB liabilities renders SGBL liable for the damages plaintiffs incurred when Hizbollah, a purported banking client of LCB, carried out deadly missile attacks in Israel in July and August 2006. (Am. Compl. ¶¶ 3, 12, 16, 59-80, 118-30.) Plaintiffs do not allege SGBL, itself, provided any services to Hizbollah triggering potential direct liability for their damages under the ATA. They only allege SGBL is liable for LCB's purported conduct as a result of the SPA.

The Court assumes knowledge of facts regarding Hizbollah, the July and August 2006 rocket and missile attacks, and LCB's relevant conduct (*see* am. compl. ¶¶ 17-117), as they are the subject of extensive litigation in Kaplan v. Lebanese Canadian Bank SAL, No. 08-cv-7253 (S.D.N.Y.). Indeed, as defendant notes, the allegations supporting LCB's liability in Kaplan are virtually identical to the allegations in this action. Compare Kaplan v. Lebanese Canadian Bank SAL, No. 08-cv-7253 (GBD) (S.D.N.Y.) (ECF No. 99) with Lelchook v. Société Générale De Banque Au Liban SAL, No. 19-cv-00033 (RJD) (SJB) (E.D.N.Y.) (ECF No. 73).

DISCUSSION

1. **Legal Standard**

To determine a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a court must first determine if New York law confers jurisdiction over the defendant, and if it does, then determine whether such an exercise of jurisdiction comports with due process. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 168 (2d Cir. 2013). A plaintiff "bears the burden of showing that the court has jurisdiction over the defendant." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d

2

560, 566 (2d Cir. 1996). At the motion to dismiss stage, a plaintiff need only "make a prima facie showing that jurisdiction exists," which "entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." Charles Schwab Corp. v. Bank of America Corp., 883 F.3d 68, 81 (2d Cir. 2018).

2. Analysis

Plaintiffs do not allege SGBL is subject to personal jurisdiction in New York by virtue of its own contacts with the state. Instead, plaintiffs claim SGBL is subject to jurisdiction because the Second Circuit "determined that LCB's conduct described [in the complaint] rendered it subject to personal jurisdiction" in New York, and SGBL "assumed and bears successor liability for LCB's conduct . . . and so is also subject to personal jurisdiction in New York." (Am. Compl. ¶ 16.) SGBL contends there is no jurisdiction because jurisdiction-by-inheritance has been "squarely rejected in New York and does not comport with federal due process principles." (ECF No. 85 at 13.)

New York's long-arm statute confers jurisdiction "over any non-domiciliary" who, inter alia, "transacts any business within the state." N.Y. C.P.L.R. 302(a)(1). Under certain limited circumstances, New York also recognizes that a non-domiciliary "may inherit its predecessor's jurisdictional status." Semenetz v. Sherling & Walden, Inc., 21 A.D.3d 1138, 1140-41 (3rd Dep't App. Div. 2005). For instance, where two companies enter into an agreement containing a New York forum selection clause. Id. at 1140-41 (citing Société Générale v. Florida Health Sciences Ctr., Inc., 2003 WL 22852656, at *4 (S.D.N.Y. Dec. 1, 2003) (defining the jurisdictional issue as "whether minimum contacts could be transferred" and not "whether the defendant's assumption of its predecessor's rights and obligations constituted a voluntary adoption of all the terms of the contracts that the predecessor had executed")).

New York courts have held that short of a merger an asset acquisition is not sufficient to impute a target's jurisdictional status on an acquiror. See, e.g., Gronich & Co., Inc. v. Simon Prop. Grp., Inc., 180 A.D.3d 541, 542 (1st Dep't App. Div. 2020) (finding jurisdiction existed as to a "successor by merger," but that contacts are not imputed where successor acquires assets of predecessor); Schenin v. Micro Cooper Corp., 272 F. Supp. 523, 526 (S.D.N.Y. 1967) (finding plaintiff "failed to adduce a single shred

of probative evidence that the transaction was anything but an acquisition of assets" and accordingly dismissing because there "ha[d] been no statutory merger"). Tellingly, the term "merger" does not appear anywhere in plaintiffs' 41-page complaint. And a review of New York decisions in this area confirms the SGBL-LCB transaction does not meet the definition of a merger. Courts have held that "continuity of ownership is the essence of a merger," New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 211-12 (2d Cir. 2006), and plaintiffs do not allege continuity of ownership between SGBL and LCB given that it was an all-cash transaction from which both continue to survive. See, e.g., Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 47 (2d Cir. 2003) (observing that under New York law "continuity of ownership is the essence of a merger" and is distinct from an asset purchase where "the seller's ownership interest in the entity is given up in exchange for consideration"); Schumacher v. Richards Shear Co., Inc., 451 N.E.2d 195, 198 (N.Y. 1983) (no merger where predecessor survives the transaction as "a distinct, albeit meager, entity").

      Still, plaintiffs urge the Court to exercise jurisdiction over defendant because it "assumed *all* of LCB's liabilities" as defined in the Sale and Purchase Agreement. (ECF No. 88 at 2 (emphasis in original).) But plaintiffs' emphasis on "all" liabilities is misplaced. While SGBL may be liable for any liability it assumed in the SPA, that does not address whether SGBL is subject to jurisdiction in New York. The transaction between SGBL and LCB does not fall under New York's limited merger exception for successor jurisdiction and plaintiffs do not allege SGBL is otherwise subject to jurisdiction due to a relationship or contact with the forum. Bartlett v. Société Générale De Banque Au Liban SAL, No. 19-cv-00007 (CBA) (VMS), 2020 WL 7089448, at *16-*17 (E.D.N.Y. Nov. 25, 2020).

      Despite plaintiffs' arguments to the contrary, this outcome is consistent with the Circuit's decision in U.S. Bank Nat'l Assoc. v. Bank of America N.A., 916 F.3d 143 (2d Cir. 2019), where the Court observed it was only "'because a successor by merger is deemed by operation of law to be both the surviving corporation and the absorbed corporation' that the successor would incur the predecessor's jurisdiction status." Bartlett, 2020 WL 7089448, at *16-*17 (quoting U.S. Bank, 916 F.3d at 156). This rule would avoid the unfairness that would result if a corporate tortfeasor was able to evade liability

4

simply by subsuming itself into another entity that is not subject to jurisdiction. Critically, however, plaintiffs admit in their amended complaint, and in opposition to defendant's motion, that LCB has continued to operate since the execution of the SPA in 2011. (Am. Compl. ¶¶ 118-20; ECF No. 88 at 9-15.) Indeed, LCB is even defending itself in nearly identical ATA suits in other New York courts, as plaintiffs admit. (See, e.g., Am. Compl. at ¶¶ 91-94, 112-15, n.12). Plaintiffs have failed to allege any connection between SGBL and the forum, and have failed to allege that the two companies have merged such that SGBL is merely a continuation of LCB and so SGBL must answer for LCB's purported bad acts in this court. SGBL's potential exposure in the wake of the SPA cannot be resolved in this action, but must await an appropriate forum consistent with applicable law and perhaps the demands of due process.

## CONCLUSION

Jurisdiction and liability are of course two distinct considerations. Whatever the arrangement is between the two banks where the alleged wrongdoer continues to exist as a going concern, the non-culpable purchaser of assets and liabilities does not fall within the court's jurisdiction merely by virtue of that transaction. Because plaintiffs do not allege SGBL and LCB executed a merger, SGBL did not inherit LCB's jurisdictional status in this forum and so the Court does not have jurisdiction over defendant under Rule 12(b)(2). Accordingly, defendant's motion to dismiss is granted and plaintiffs' complaint is dismissed.

SO ORDERED.

Dated: March 31, 2021
Brooklyn, NY

/s/ Raymond J. Dearie
Raymond J. Dearie
United States District Judge