

December 4, 2025

**VIA ECF**

Honorable Carol Bagley Amon,
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Lelchook v. Societe Generale de Banque au Liban SAL*,
                1:19-cv-00033-CBA-VMS

Dear Judge Amon:

       This Firm represents Defendant Société Générale de Banque au Liban S.A.L. ("SGBL") in the above-referenced matter. As your Honor is aware, the Second Circuit recently remanded this case after finding the district court could exercise specific personal jurisdiction over SGBL as the alleged successor to the Lebanese Canadian Bank ("LCB"). *Lelchook v. SGBL*, 147 F.4th 226 (2d Cir. 2025) ("*Lelchook IV*").

       Pursuant to Your Honor's Individual Rules, SGBL respectfully submits this letter to arrange a pre-motion conference regarding its anticipated motion to dismiss Plaintiffs' first amended complaint (the "FAC") (ECF No. 73) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or on *forum non conveniens* grounds, or, in the alternative (and at a minimum), to dismiss Plaintiffs' first claim (primary liability) for failure to state a claim under Rule 12(b)(6). *See* Judge Bagley Amon's Individual Motion Practices and Rules, § 3(A) (E.D.N.Y. 2025) (Revised September 2025). The first two issues have never been briefed in this case, and the Rule 12(b)(6) issues were not resolved earlier in the case and are subject to new authority since initial briefing in 2019.[1]

       Notably, Plaintiffs themselves acknowledge that this Court may lack subject matter jurisdiction over this litigation, *see* FAC ¶¶ 14-15 (arguing alternative grounds for subject-matter jurisdiction), but the issue was unnecessary for any court to address given the district court's threshold finding of a lack of personal jurisdiction. This core jurisdictional defect remains,

---

[1] Judge Dearie only addressed SGBL's argument that the court lacked personal jurisdiction under Rule 12(b)(2). *Lelchook v. SGBL*, No. 19-cv-33 (RJD) (SJB), 2021 U.S. Dist. LEXIS 206270, at *8 (E.D.N.Y. Mar. 31, 2021). The court did not consider SGBL's Rule 12(b)(6) arguments that the amended complaint fails to state a claim based on the text of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), 18 U.S.C. § 2331 *et seq*. The Second Circuit likewise limited its consideration to personal jurisdiction and explicitly recognized that SGBL may have potentially dispositive arguments on remand, noting: "we do not address the adequacy of Plaintiffs' federal claims under the ATA or JASTA. Nor do we express any view regarding the merits of SGBL's Rule 12(b)(6) motion." *Lelchook IV*, 147 F.4th at 240, n.12.

Honorable Carol Bagley Amon
Page **2** of **3**

however, is not waivable and compels dismissal. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").

By way of background, SGBL is the only defendant in this case and Plaintiffs only assert claims based on SGBL's alleged successor liability under a 2011 sales and purchase agreement (the "SPA") with LCB. FAC ¶ 12. Plaintiffs made the strategic decision to sue LCB separately in a different litigation, in a different district, and LCB, as an unrelated corporate entity, is defending itself there with a different counsel. *Lelchook v. LCB*, Civil Action No. 18-cv-12401 (GBD)(KHP) (S.D.N.Y.). Based on the unique posture of this case—one created by Plaintiffs' litigation decisions—this Court lacks subject matter jurisdiction for the following reasons.

*First*, this Court does not have federal question jurisdiction under 28 U.S.C. § 1331 over this successor liability litigation because it does not "arise under" federal law. *See E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 955-56 (7th Cir. 2021) (rejecting argument that successor liability claim involving a federal statute "was enough to show their claim arises under federal law and therefore raises a federal question properly in federal court"). The ATA nowhere mentions successor liability and does not create a federal statutory right of action for that secondary liability. 18 U.S.C. §§ 2333(a), (d); *see Rothstein v. UBS AG*, 708 F.3d 82, 98 (2d Cir. 2013) (Congress's "statutory silence on the subject of secondary liability means there is none."). In fact, the Seventh Circuit dismissed the successor liability claim in *Prather* for this precise reason, explaining the defendant did not "directly violate[] ERISA, either as an alter ego of [the predecessor] or in its own right" and the plaintiffs' claim "for successor liability, with the aim of holding [the successor] equitably responsible" failed because "there is no federal statutory right of action for successor liability under ERISA, nor a judicially recognized private implied right of action." *Id*. at 963.

The law of the case also establishes that SGBL is *not* LCB's alter ego and therefore SGBL itself cannot be found to have violated the ATA to raise a federal question. The Second Circuit explicitly found that LCB and SGBL are distinct corporate entities, explaining: "Plaintiffs do not allege that SGBL and LCB are 'one and the same'" and "there is no allegation of alter ego liability and the predecessor and successor corporations both continue to exist after the transfer of liabilities." *Lelchook v. SGBL*, 67 F.4th 69, 78, 85 n.23 (2d Cir. 2023) ("*Lelchook II*"); *see also id*. at 78, n.11 (the "circumstance [where "the predecessor and successor [are] one and the same"] is not relevant here."). Indeed, had SGBL and LCB been alter egos there would have been no need to certify the novel successor personal jurisdiction question to the New York Court of Appeals nor later engage in any protracted constitutional due process analysis because "'alter egos are treated as one entity' for jurisdictional purposes." *Transfield ER Cape Ltd. v. Industrial Carriers, Inc.*, 571 F.3d 22, 222 (2d Cir. 2009) (quoting *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 142-43 (2d Cir. 1991)).

*Second*, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a) over this litigation. The amended complaint concedes that the plaintiffs (save perhaps one—a point we do not concede, however) are domiciled outside the United States, which precludes federal court diversity jurisdiction. FAC ¶ 15 n.2.; *see Herrick Co., Comm.*, 251 F.3d at 322 ("United States

citizens 'domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state,' so that '§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.'") (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)); *accord Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) ("each of the plaintiffs must be capable of suing each of the defendants in the courts of the United States to sustain the jurisdiction of the court").

*Third*, this Court lacks supplemental jurisdiction under 28 U.S.C. §1367 over this case because there are no other claims in the litigation invoking federal court jurisdiction.

Given the lack of subject-matter jurisdiction, SGBL's anticipated motion will argue this Court should dismiss this case under Federal Rule 12(b)(1)—and leave any adjudication of SGBL's alleged liability for LCB's conduct for another day in the event Plaintiffs obtain a judgment against LCB in *Lelchook v. LCB* and seek to enforce it against SGBL, presumably in the Southern District where that case is pending.

If this Court has subject matter jurisdiction, the case should be dismissed nonetheless on *forum non conveniens* grounds. The key relevant factors cut squarely for SGBL, including, for example, that Plaintiffs' claims under the terms of the SPA are governed by Lebanese law and all witnesses, experts, and evidence are in Lebanon. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotations and citation omitted).

Alternatively, at a minimum, Plaintiffs' successor liability claim based on LCB's alleged primary ATA liability should be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See Kaplan v. Lebanese Can. Bank, SAL*, 405 F.Supp.3d 525, 531 (S.D.N.Y. 2019) (finding in identical litigation Plaintiffs failed to state a primary liability claim against LCB under the ATA because they "fail[ed] to sufficiently allege that Defendant committed any act of 'international terrorism' or that their injuries were proximately caused by Defendant's actions."); *see also Bartlett v. SGBL*, No. 19-cv-7 (CBA) (VMS), 2020 U.S. Dist. LEXIS 229921 (E.D.N.Y. Nov. 25, 2020) (dismissing primary liability claims against bank defendants). The *Kaplan* Plaintiffs (represented by the same counsel as the *Lelchook* Plaintiffs) raised but then abandoned any appeal of that ruling, resulting in affirmance. *Kaplan v. Lebanese Can. Bank, SAL,* 999 F.3d 842, 853 (2d Cir. 2021). SGBL also reserves its right to argue Plaintiffs' successor liability claim based on LCB's alleged aiding-and-abetting ATA claim fails to state claim based on new authority.

Finally, SGBL anticipates seeking a stay of discovery pending resolution of its potentially dispositive motion. The parties intend to discuss the issue further with Chief Magistrate Judge Vera M. Scanlon at an initial conference scheduled for December 17. If no agreement on discovery is reached, SGBL anticipates filing a motion to that effect.

        Respectfully submitted,

        */s/ Brian J. Leske*

        *Counsel for Société Générale de*
        *Banque au Liban S.A.L.*