March 4, 2026

**VIA ECF**

Honorable Judge Vera M. Scanlon
United States District Court Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

**Re:** ***Lelchook, et al. v. Société Générale de Banque au Liban S.A.L.*, 1:19-cv-00033-CBA-VMS**

Dear Judge Scanlon:

Per Your Honor's Order dated December 18, 2025, the parties respectfully submit this joint status letter regarding discovery in this case.

**SGBL'S STATEMENT**

**Status of Initial Discovery**

1. Initial discovery commenced following the Initial Conference on December 17, 2025.
2. Consistent with discussions at the conference, SGBL provided Plaintiffs with a letter (a) discussing the facts and status of *Bartlett v. SGBL*; (b) describing the discovery carried out thus far in that case, and (c) addressing whether such discovery could be leveraged to ease the burden of the extensive discovery anticipated in this matter. *See* SGBL's letter dated January 16, 2026 (attached hereto as Exhibit A (without attachments)).
3. To help define the scope of discovery and ongoing and anticipated document production in *Bartlett*, SGBL's letter attached copies of (a) the *Bartlett* Plaintiffs' Document Requests; (b) SGBL's Responses and Objections to those Document Requests; (c) the *Bartlett*

Plaintiffs' First Set of Interrogatories; and (d) SGBL's Responses and Objections to those Interrogatories.

4. The letter additionally attached SGBL's Responses and Objections to Plaintiffs' First Set of Requests for the Production of Documents and Electronically Stored Information in this case.

5. As discussed in SGBL's letter, the overriding discovery issue in *Bartlett*—as it is in this case—is Lebanese bank secrecy. That foreign law—which has both criminal and civil components—substantially limits the production of documents identifying bank customers and financial information.

6. The Court in *Bartlett* has taken a restrictive approach to discovery and required the *Bartlett* Plaintiffs to pursue third-party discovery to support their claims under the Anti-Terrorism Act ("ATA") prior to seeking production from the Bank Defendants. Following many years of motions practice regarding bank secrecy, the Court also has allowed the Bank Defendants to seek waivers from its alleged customers to avoid violating Lebanese law. To date, there have been no depositions and no discovery order has been entered in the case.

7. As such, the Bank Defendants in *Bartlett* have only recently begun to produce limited documentation to Plaintiffs consistent with the bank secrecy waivers the banks have obtained from alleged customers.

8. The documents produced thus far in *Bartlett* do not pertain to SGBL's alleged successor liability for the alleged conduct of the Lebanese Canadian Bank ("LCB"), which is Plaintiffs' only claim in this case. LCB only recently entered an appearance in *Bartlett* (and therefore has not produced any documents) and SGBL's limited production of documents

pertains to its own alleged customers that the *Bartlett* Plaintiffs allege are somehow connected to a Hezbollah-related person or entities.

9. This Court should be aware that there is a Joint Stipulation and Proposed Protective Order in *Bartlett*, *see* ECF No. 272, which was granted on June 8, 2022, *see* ECF No. 273, barring the use of discovery materials in other matters without Court permission.
10. In SGBL's view, the discovery in *Bartlett* therefore is useful and relevant only to the extent it shows the conservative approach taken by the Court and many steps that should be taken prior to moving forward with any substantive discovery that may violate foreign law.

**SGBL's Pending Motion to Dismiss (Lack of Subject-Matter Jurisdiction)**

11. Per this Court's Order dated December 16, 2025, SGBL served a motion to dismiss for lack of subject matter jurisdiction on January 16, 2026. Plaintiffs, after seeking a brief extension, *see* ECF No. 105, served their opposition on February 10, 2026. Briefing of the motion was completed on February 17, 2026. *See* ECF Nos. 107, 108, and 109.
12. SGBL's motion argues that the Court lacks subject matter jurisdiction under either federal question or diversity jurisdiction, *see* 18 U.S.C. §§ 1331, 1332(a), over Plaintiffs' stand-alone successor liability claim in this case seeking to transfer LCB's alleged liability under the ATA from another case brought by Plaintiffs against LCB in another federal district. *See Lelchook v. LCB*, No. 1:18-cv-12401 (GBD) (KHP), Dkt. Nos. 65 (Am. Compl.), 172 (Order lifting stay of discovery) (S.D.N.Y.).
13. Plaintiffs, on the other hand, argue that the ATA supplies the necessary federal question jurisdiction, or, alternatively, that this Court may dismiss all non-diverse plaintiffs to exercise diversity-of-citizenship jurisdiction over their successor liability claim here.

14. This Court has scheduled oral argument on April 28, 2026, in conjunction with SGBL's motion to dismiss on similar grounds in *Bartlett*.

**<u>SGBL's Petition for a Writ of Certiorari (Lack of Personal Jurisdiction)</u>**

15. As your Honor is aware, last year, the Second Circuit found the exercise of specific personal jurisdiction over SGBL in this case comports with constitutional due process. *Lelchook v. SGBL*, 147 F.4th 226 (2d Cir. 2025).

16. On February 13, 2026, SGBL filed a petition for a writ of certiorari in the U.S. Supreme Court, which was docketed on February 19, 2026.

17. Plaintiffs' response currently is due March 23, 2026.

**<u>SGBL's Position Regarding Additional Discovery or a Stay of Discovery</u>**

18. SGBL respectfully requests discovery in this matter remain stayed, at a minimum, until SGBL's pending motion to dismiss for lack of subject-matter jurisdiction is resolved. A stay is particularly warranted given the complex and serious discovery issues this case presents.

**PLAINTIFFS' STATEMENT**

19. Because Plaintiffs do not oppose continuing the stay of discovery until the April 28, 2026, hearing on SGBL's motion to dismiss for lack of subject-matter jurisdiction, they will respond briefly and only as necessary to SGBL's Statement above.

20. Plaintiffs disagree with SGBL's claim that "the overriding discovery issue in … this case—is Lebanese bank secrecy." This case involves SGBL's assumption of liability arising from LCB's provision of banking services to Hezbollah in the years prior to the 2006 attacks from which this case arises. Prior to assuming LCB's liability, SGBL had the Hezbollah-related accounts at LCB audited by "local and international authorities, SGBL and three

international audit firms." (*See* SGBL press release, dated September 9, 2011, attached as Exhibit D to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (DE 88)). Also, according to information received by Plaintiffs, these audits were also shared with Société Générale in France (an SGBL shareholder) and the United States government. Thus, any putative bank secrecy protections relating to these accounts have been waived and forfeited, by disclosure to multiple third-parties, many of them outside of Lebanon.

21. Plaintiffs also dispute that any Lebanese bank secrecy provision bars production of the relevant information and documents, even absent the waiver and forfeiture. However, because SGBL has yet to attempt to prove the existence of such a provision, it is unnecessary to address this issue here.

22. Plaintiffs generally agree with SGBL that the discovery produced in *Bartlett* to date, as represented by SGBL, appears to be of very limited use, if any, in this case.

23. Given the proximity of the April 28, 2026, hearing on SGBL's motion to dismiss for lack of subject-matter jurisdiction, Plaintiffs do not oppose continuing the stay of discovery until the hearing. But the stay should not be extended until the disposition of that motion, because Judge Amon may provide an indication at the hearing as to the fate of the motion.

24. Accordingly, the Court should continue the stay for the time being, and direct the Parties to file a further status report within 7 days after receiving the transcript of the April 28, 2026, hearing.

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC

*/s/Robert J. Tolchin*
Robert J. Tolchin
829 East 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627
rtolchin@berkmanlaw.com

*Counsel for Plaintiffs*

ASHCROFT LAW FIRM, LLC

*/s/Michael J. Sullivan*
Michael J. Sullivan
Brian J. Leske
15 Broad Street, Suite 500
Boston, MA 02109
617-573-9400
msullivan@ashcroftlawfirm.com
bleske@ashcroftlawfirm.com

*Counsel for Defendant Société Générale de Banque au Liban S.A.L*