UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ESTER LELCHOOK, et al.,

Plaintiffs,

-against-

SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN S.A.L.,

Defendant.
---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-cv-33 (CBA) (VMS)

**AMON, United States District Judge:**

Plaintiffs are the estate and family members of David Martin Lelchook, an American citizen who was killed in the August 2, 2006, rocket attacks in Israel perpetrated by Hezbollah, as well as other American citizens harmed by the same attacks. They seek damages under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (2016), against Defendant Société Générale de Banque au Liban S.A.L. ("SGBL"), who they allege is liable as the successor to non-party Lebanese Canadian Bank ("LCB"). (See ECF Docket Entry ("D.E.") # 73 ("FAC").) SGBL moves to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (D.E. # 107-1 ("Mot.").) Rather than submit formal opposition briefing, Plaintiffs join the briefing submitted by the plaintiffs in Bartlett v. Société Générale de Banque au Liban S.A.L, No. 19-cv-7 (CBA) (TAM), which they assert "appl[ies] with equal force here."[1] (D.E. # 109 ("Opp") at 2.) For the reasons below, Defendant's motion is denied.

[1] As Plaintiffs acknowledge, the Bartlett plaintiffs' opposition brief makes an argument about supplemental jurisdiction which is inapposite here. (D.E. # 109 at 2.) Additionally, Plaintiffs address two issues raised in Defendant's brief that apply to the instant case but do not apply in Bartlett: (1) the validity of non-citizen and non-national Ester Lelchook's claim brought as a survivor of U.S. citizen David Lelchook, and (2) the availability of diversity of citizenship jurisdiction if subject-matter jurisdiction is found to be lacking. (Id. at 2, 3 n.1.) I decline to address Defendant's argument about Ester Lelchook's claim, (see Mot. at 6 n.3), in this Memorandum & Order because Defendant notes that it should be dismissed under Rule 12(b)(6), (id.), and that argument is briefed in greater detail in Defendant's pending 12(b)(6) motion, (D.E. # 117-1 at 13). For the reasons stated herein, I also decline to address Defendant's arguments regarding Plaintiffs' alternative theory of diversity of citizenship jurisdiction.

## DISCUSSION

Upon consideration of the parties' submissions, I conclude that the legal issues presented in Defendant's motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) are substantially identical to those raised in Defendant's motion in Bartlett. (Bartlett, D.E. # 518.)[2] My analysis and determination of these same legal issues are set forth in Sections II.A, II.B, and Part III of my Memorandum & Order in Bartlett dated September 28, 2026. (See Bartlett, D.E. # 546 ("Bartlett M&O").) Accordingly, I hereby adopt and incorporate by reference the reasoning and legal conclusions set forth in those sections of the Bartlett M&O as my determination of the substantially identical issues presented in the instant motion.

Defendant also argues that this Court lacks diversity of citizenship jurisdiction over the amended complaint. (Mot. at 19.) However, Plaintiffs only assert diversity of citizenship jurisdiction as an alternative ground for subject-matter jurisdiction if federal question jurisdiction was found to be unavailable. (See FAC ¶ 14; Opp. at 2.) Because I have found that federal question jurisdiction exists, this Court has subject-matter jurisdiction over this claim; therefore, I need not address the parties' contentions surrounding the availability of diversity of citizenship jurisdiction. Finally, Defendant contends that even if I find that there is diversity jurisdiction, this claim should be barred under the doctrine of prudential ripeness. (D.E. # 108 ("Reply") at 9-10.) I will also decline to address this argument because this case is proceeding under federal question jurisdiction, not diversity jurisdiction. Moreover, "arguments raised for the first time on reply

[2] Despite the fact that Defendant's brief in Lelchook is nearly identical to its brief in Bartlett, Defendant asserts that "[a]lthough there are overlapping issues and arguments, [Bartlett and Lelchook] are different and they are before this Court in different procedural postures." (Mot. at 1.) Most notably, LCB is a co-defendant in Bartlett but is a non-party in Lelchook. That fact may deprive this Court of the theory of supplemental jurisdiction alleged in Bartlett because the predecessor and successor are not in the same suit, (see Bartlett, D.E. # 546 ("Bartlett M&O") at 12-14), but it does not deprive this Court of federal question jurisdiction for the reasons stated in the Bartlett M&O. These reasons apply to SGBL regardless of LCB's involvement in the instant case. (Id. at 8-12, 15-21.)

need not be considered by the Court." Shunock v. Apple, Inc., 738 F. Supp. 3d 371, 386 (S.D.N.Y. 2024) (citation omitted).

## CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss for lack of subject-matter jurisdiction is DENIED.

So Ordered.

Dated: September 28, 2026
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge