THE BERKMAN LAW OFFICE, LLC

829 E 15TH STREET, BROOKLYN, NY 11230 | P 718.855.3627 F 718.855.4696 | BERKMANLAW.COM

October 16, 2026

**<u>BY ECF</u>**
Hon. Carol Bagley Amon
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Lelchook v. Societe Generale de Banque au Liban SAL*
<u>1:19-cv-00033-CBA-VMS</u>

Dear Judge Amon,

The undersigned represents Plaintiffs in the matter referenced above. With the consent of counsel for Defendant Societe Generale de Banque au Liban SAL ("SGBL"), I write to respectfully request that the oral argument on SGBL's motion to dismiss for failure to state a claim (ECF No. 117), presently scheduled for Thursday, October 29, 2026 at 2:30 PM, be rescheduled to a date convenient to the Court on or after November 9, 2026.

The reason for the request is a conflict that has arisen in another federal case. I represent two plaintiffs, Ron Greenfield and Gili Greenfield, in *Foley v. Lafarge S.A.*, No. 23-cv-05691-NGG-PK, and *Black v. Lafarge S.A.*, No. 24-cv-08901-NGG-PK, consolidated Anti-Terrorism Act actions pending in this District before Judge Garaufis and Magistrate Judge Kuo. The defendants in those actions have noticed the depositions of my two clients to be taken in person in Tel Aviv, Israel on November 2 and November 3, 2026, as part of a block of ten depositions of Israeli plaintiffs that the defendants have scheduled in Israel for November 1 through November 8, 2026, immediately before the November 10, 2026 close of fact discovery in those actions (*Foley*, Minute Entry of June 30, 2026). I must travel to Israel to meet with my clients in advance and to defend their depositions, which, because one of my clients will testify through a Hebrew interpreter, are expected to take two to three days. My flight departs New York on the evening of Wednesday, October 28 and lands in Tel Aviv on the morning of Thursday, October 29, the day of the scheduled argument, and I return to New York on November 6.

I have considered whether the depositions could be moved instead, and they cannot. The defendants in the *Lafarge* actions placed these depositions at the very end of the fact discovery period, leaving no room to reschedule them within it. In addition, counsel on both sides of those actions, including the undersigned, have already purchased airline tickets and made travel arrangements, and the defendants have reserved a single venue and court reporter in Tel Aviv for

the entire week of depositions. Moving my clients' depositions would be costly to everyone involved, even if it were possible.

I sincerely apologize to the Court for making this request, and I am especially mindful that it is the second time I have asked the Court to adjust the date of this argument. I want to assure the Court that I did not knowingly schedule one commitment on top of the other. The Court adjourned the argument from October 14 to October 30 on August 6, 2026, and, at my request, moved it to October 29 on August 7, 2026. It was not until August 18, 2026 that defense counsel in the *Lafarge* actions first raised the possibility of deposing my clients in Israel during the week of November 2, and the specific dates were not fixed until the defendants served their deposition notices on September 9, 2026. When those dates were set, I failed to recognize that the travel they would require conflicted with the October 29 argument in this case. The oversight is mine alone, and I regret the inconvenience to the Court and to counsel.

Accordingly, it is respectfully requested that the oral argument scheduled for October 29, 2026 be rescheduled to a date convenient to the Court on or after November 9, 2026. Counsel for SGBL has advised that SGBL consents to this request and is available on any such date other than November 10, 11, 16, 17, 25, 26, and 27, 2026. The undersigned is not available on November 13 or November 20, 2026, and, as noted, returns from Israel on November 6. This is Plaintiffs' second request relating to the date of this argument; the first (ECF No. 120) was granted.

I thank the Court for its courtesy and consideration in this matter.

Respectfully,

Robert J. Tolchin

cc: All counsel of record by ECF